IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRA CARROLL,
    Petitioner,

vs.                                      Case No.: 3:16cv635/LAC/EMT

SANTA ROSA JAIL
and FLORIDA STATE HOSPITAL,
    Respondents.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the court on Petitioner's petition for writ of habeas corpus (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the petition should be dismissed without prejudice on the ground that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), applies.

I.    BACKGROUND

      Petitioner was arrested in Santa Rosa County Florida, Case No. 2016-CF-1406, on September 10, 2016 (ECF No. 1 at 2). She states she is currently housed in either the Santa Rosa County Jail or the Florida State Hospital; however, she mailed her petition from the Florida State Hospital (*see id.* at 2, 13). Although the background and procedural history of Petitioner's commitment is not included in her habeas

petition, the court takes judicial notice of information available on the database maintained by the Santa Rosa County Clerk of Court.[1] Petitioner was charged in the Santa Rosa County Circuit Court, Case No. 2016-CF-1406, with one count of fleeing or eluding a law enforcement officer at a high speed, and one count of resisting an officer without violence. *See* www.santarosaclerk.com (follow "Search Court Records" hyperlink; then follow "Go To Search Court Records" hyperlink; then follow "Case Search" hyperlink; then search Case Number "2016 Felony (CF) 001406"). On October 19, 2016, the state court adjudicated Petitioner incompetent to proceed and committed her to the custody of Florida Department of Children and Families.

In the instant habeas petition, Petitioner challenges her continued commitment on the ground that Florida's competency statutes, Florida Statutes § 916.111 *et seq.*, are unconstitutional on their face and as applied to her (ECF No. 1 at 2–11). Petitioner requests discharge from custody and dismissal of the pending criminal charges (*id.* at 12).

II. ANALYSIS

---

[1] *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

This cause of action is subject to dismissal pursuant to the Younger abstention doctrine. This doctrine, announced in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. *See* New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 373, 109 S. Ct. 2506, 105 L. Ed .2d 298 (1989) ("[T]here is no doctrine that . . . pendency of state judicial proceedings excludes the federal courts."). The Supreme Court has recognized, however, certain instances in which the prospect of undue interference with state proceedings counsels against federal relief. *See id.* at 368.

Younger exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. In the instant case, the proceedings in Petitioner's criminal case are ongoing; therefore, the instant case falls within the scope of Younger. Additionally, Petitioner has not shown that the criminal proceeding was brought to harass her or was otherwise motivated by bad faith, or that the criminal statutes under which she is being detained are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," *see* Younger, 401 U.S. at 53–54. Moreover, an adequate alternative state

forum exists for Petitioner to raise her claims, namely, an appeal—or certiorari review—of any order committing or recommitting her to the custody of the Florida Department of Children and Families.  *See* <u>Nelson v. State</u>, 126 So. 3d 442, 443 (Fla. 4th DCA 2013); <u>Furqan v. State</u>, 91 So. 3d 913, 915 & n.1 (Fla. 2d DCA 2012).

For the aforementioned reasons, this court should abstain from assuming jurisdiction over Petitioner's claims.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED** without prejudice on the ground that the abstention doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.

At Pensacola, Florida, this <u>19</u>th day of December 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:16cv635/LAC/EMT